UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID M WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY,<br><br>Defendant. | Civ. No. 2:17-0734 (WJM)<br><br>OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff David Watkins brings this breach of contract and declaratory judgment action against Defendant Protective Life Insurance Company. This matter now comes before the Court upon Defendant's motion to dismiss for failure to state a claim. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice.

### I. BACKGROUND

Plaintiff alleges the following facts in his Complaint. ECF No. 1, Ex. A (Compl.). On July 22, 1994, Plaintiff purchased a $1 million life insurance policy in his name. *Id.* ¶¶ 1-3. The terms of the policy were, *inter alia*, as follows:

> The policy allows for flexibility in making premium payments, that is, the policy owners may choose the amount and frequency of payments, with certain limits. Cash surrender value accumulates over time as premiums are paid and those values earn interest. Each month, on the 22nd, the amount required to cover the monthly deduction is deducted from the policy's cash surrender value. As long as the policy has sufficient net cash surrender value to cover the monthly deductions, the policy remains in force. Monthly deductions increase each year on the policy anniversary.

*Id.* ¶ 5. The policy further stated that:

1

> [I]f, on the 22nd of the month, the net cash surrender value is not sufficient to cover the monthly deduction, a grace period of 61 days is allowed for the payment of the premium, unless the policy is continued under its continuation period. The continuation period provides for the policy to remain in force for 20 years, even if the policy has insufficient cash surrender value, as long as the total premiums paid exceed or remain equal to the Monthly Continuation Premium of $205.83 times the number of months the policy remains in force.

*Id.* ¶ 6. On February 22, 2016, Defendant cancelled Plaintiff's policy without "proper notification or warning." *Id.* ¶ 7. Plaintiff was made aware of the cancellation of his policy when his check was returned with correspondence indicating that the policy had lapsed and he was no longer covered. *Id.* ¶ 8. He seeks a declaratory judgment, including Defendant's acceptance of any required premiums necessary to maintain his policy, and raises claims of breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. *Id.* .pdf 5-7.

Defendant now moves to dismiss the Complaint, arguing that Plaintiff has failed to state a claim. ECF No. 5. Plaintiff opposes the motion, arguing that Defendant failed to give notice, pursuant to § 17B:25-10.1 of the New Jersey statutes, that, to prevent the policy from lapsing, the premium had been paid by charging it against the policy's loan value. ECF No. 8. Plaintiff also submits a proposed Amended Complaint, requesting leave to file that Complaint should the original one be dismissed. ECF No. 9. The proposed Amended Complaint is essentially identical to Plaintiff's original Complaint, except that Plaintiff emphasizes that he did not receive any notice from Defendant that increased premium payments were necessary to maintain the policy. *Id.* ¶¶ 9-13.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

## III. DISCUSSION

The Court finds that Plaintiff's Complaint and proposed Amended Complaint both fail to state a claim for relief under any of Plaintiff's proposed theories of liability (*i.e.*, breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing).

Briefly, to state a claim for breach of contract under New Jersey law, a plaintiff "must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom, and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). To state a claim for unjust enrichment under New Jersey law, a plaintiff must show that he "conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). Lastly, "every contract in New Jersey contains an implied covenant of good faith and fair dealing." *Kalogeras v. 239 Broad Ave., L.L.C.*, 202 N.J. 349, 366 (2010). Accordingly, "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* (citations and quotations omitted).

At this stage, Plaintiff has failed to allege any viable claims for relief under any of the legal standards provided above.[1] At bottom, each of Plaintiff's claims hinge upon the fact that Defendant failed to provide Plaintiff with sufficient notice, as required by a New Jersey statute, before cancelling his life insurance policy. But Plaintiff does not actually allege a violation of this statute in either his Complaint or proposed Amended Complaint. Nor does Plaintiff provide a copy of his insurance policy – which he claims, in his opposition papers, contains this statutory provision. And a Complaint cannot be amended (or supplemented) by way of an opposition brief. *Pennsylvania ex rel. v. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). On its face, Plaintiff's Complaint does not allege that any notice was required before cancellation of the policy.

At best, Plaintiff has presently alleged only that Defendant violated the continuation period provision of the insurance policy. But that provision merely ensures that the insurance policy will "remain in force for 20 years, even if the policy has insufficient cash surrender value, as long as the total premiums paid exceed or remain equal to the Monthly Continuation Premium of $205.83 times the number of months the policy remains in force." Compl. ¶ 6. Plaintiff's policy was purchased on July 22, 1994; therefore, the continuation period expired on July 22, 2014. Viewing the Complaint in the light most favorable to the Plaintiff, Plaintiff has not alleged that the policy's cancellation violated any provision of the parties' contract. Rather, Plaintiff contends that his policy was cancelled on February 22, 2016, well after the continuation policy ended. Because Plaintiff has failed to demonstrate that any provision of the contract between the parties was breached, he has failed to state a claim for breach of contract.

---

[1] To the extent that Plaintiff has framed his Complaint as a "declaratory judgment action," the Court determines that, because no breach of contract has been shown, specific performance of the contract cannot be awarded; therefore, relief in the form of a declaratory judgment cannot be entertained at this time.

3

Nor do the allegations of the Complaint contain a plausible claim that Defendant was unjustly enriched beyond what was provided for in the contract: according to the Complaint, Defendant honored the insurance policy for a 20-year term, which appears to be the extent of Defendant's obligations, and Plaintiff paid the full amount for coverage of that 20-year term. Likewise, Plaintiff received the fruits of the contract (a 20-year term insurance policy), such that a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained at this time.

Under these circumstances, the Court finds that Plaintiff's Complaint has failed to state a claim for relief, and will dismiss the Complaint without prejudice to Plaintiff filing an Amended Complaint within 30 days of this Opinion and accompanying Order.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice. An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: June 5, 2017